IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIMOTHY JOSEPH THATCHER                                                                        PLAINTIFF

     v.                              Civil No. 5:24-cv-05070-TLB-MEF

SHERIFF SHAWN HOLLOWAY,
Benton County, Arkansas;
LIEUTENANT GREG HOBELMAN,
Benton County Detention Center (BCDC); and
LIEUTENANT TYLER ROSS, BCDC                                                                  DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

### I.  DISCUSSION

Plaintiff filed his Complaint to initiate this action on March 25, 2024. (ECF No. 1). An Initial Scheduling Order was issued on July 16, 2024. (ECF No. 12). On December 13, 2024, an Order was entered extending the discovery deadline and the summary judgment filing deadline. (ECF No. 26). On February 12, 2025, the summary judgment filing deadline was extended to February 27, 2025. (ECF No. 30).

On February 27, 2025, Defendants timely filed a Motion for Summary Judgment. (ECF Nos. 31-33). The same day, an Order was entered directing Plaintiff to respond to the summary

1

judgment motion by March 20, 2025. (ECF No. 34). Plaintiff was given explicit instructions regarding what was required by him to file a response in accordance with Rule 56 of the Federal Rules of Civil Procedure. In the same Order, Plaintiff was advised that failure to respond to the Order would result in: (a) all the facts set forth by the Defendants in the summary judgment papers being deemed admitted and/or (b) the case would be subject to dismissal.

Plaintiff did not file a response to the Motion for Summary Judgment. As a matter of procedural fairness and to give Plaintiff yet another opportunity to comply with the Court's Orders, a Show Cause Order was entered. (ECF No. 35). Plaintiff was given until April 11, 2025, to respond. Plaintiff was advised that if he failed to respond by the deadline, "this case shall be subject to dismissal."

To date, Plaintiff has not filed a response to the Defendant's pending Motion for Summary Judgment or to the Show Cause Order. He has not requested an extension of time to file his responses. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 34 & 35). Plaintiff was advised in each of the above-mentioned Orders that failure to comply would subject the case to dismissal.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court

order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. When considering Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily. *Id.*

Here, Defendants expended resources conducting discovery and preparing their Motion for Summary Judgment. Plaintiff then intentionally chose not to respond to the Motion even after being directed to do so by the Court in two separate instances. Plaintiff has not communicated with the Court in anyway.

## II. CONCLUSION

For these reasons, it is RECOMMENDED that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case be **DISMISSED WITH PREJUDICE** based on Plaintiff's intentional failure to prosecute this case, his failure to obey the orders of the Court, and his failure

to comply with Local Rule 5.5(c)(2).

**Status of Referral:** The referral terminates upon the filing of this Report and Recommendation.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 21st day of April 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

4